# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-13666-EEB |
| BOLDER ENTERPRISES, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| BOLDER ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 18-01173-EEB |
| | ) | |
| THE EASTERN COLORADO BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
## MOTION TO INTERVENE IN ADVERSARY PROCEEDING

The Official Committee of Unsecured Creditors (the "*Committee*") of Bolder Enterprises, LLC (the "*Debtor*"), by and through its undersigned proposed counsel, hereby moves (the "*Motion*") this court, pursuant to Rule 24 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable to this adversary proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of an order permitting the Committee to intervene in the above-captioned adversary proceeding. In support of this Motion, the Committee states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On April 30, 2018 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this chapter 11 case.

6. On June 14, 2018, the Office of the United States Trustee filed a notice of appointment of the Committee as an official committee to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

7. The Committee retained Freeborn & Peters LLP as its counsel on June 22, 2018.

8. On June 1, 2018, the Debtor filed the above-captioned adversary proceeding against The Eastern Colorado Bank ("*ECB*") seeking to determine the validity, priority, and extent of ECB's liens, determine its secured status under section 506 of the Bankruptcy Code, and seeking declaratory judgment on the issue of adequate protection under section 361 of the Bankruptcy Code.

9. ECB filed its answer to the complaint on July 2, 2018.

10. The Court entered a scheduling order on July 5, 2018, which set August 3, 2018 as the deadline for non-expert discovery and initial expert disclosures; August 24, 2018 as the deadline for completion of expert discovery; August 31, 2018 as the dispositive motion deadline; and September 26, 2018 for trial.[1]

11. ECB has currently noticed depositions for July 31, 2018 through August 3, 2018.

---

[1] The Committee is filing a motion for expedited relief contemporaneously with this Motion based on the truncated discovery schedule in this adversary proceeding.

2

**Relief Requested and Basis for Relief**

12. By this Motion, the Committee requests that the Court enter an order permitting the Committee to intervene in this adversary proceeding for the purposes of: (i) filing and responding to pleadings, (ii) participating in hearings and trial, (iii) reviewing material produced in discovery and, if appropriate, propounding its own discovery, and (iv) attending and participating in depositions.

13. Intervention is governed by Federal Rule 24 which provides, in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

    (1) is given an unconditional right to intervene by a federal statute; or

    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

    (1) *In General.* On timely motion, the court may permit anyone to intervene who:

        (A) is given a conditional right to intervene by a federal statute; or

        (B) has a claim or defense that shares with the main action a common question of law or fact.

\* \* \*

    (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

14. The Committee submits that it has the statutory right to intervene in this adversary proceeding under section 1109(b) of the Bankruptcy Code and, to the extent the Court determines a statutory right to intervene does not exist, the Committee should be permitted to intervene under Rule 24(b)(1)(B).

3

### I.  The Committee Has a Statutory Right to Intervene in this Adversary Proceeding

15.  Section 1109(b) provides that "[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

16.  Courts are split on whether section 1109(b) provides a committee with a statutory right to intervene in an adversary proceeding.  The Second and Third Circuits have found that a committee does have a statutory right to intervene, *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161 (2d Cir. 2002); *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982), while the Fifth Circuit has found that it does not.[2]  *In re Fuel Oil Supply and Terminaling*, 762 F.2d 1283 (5th Cir. 1985).

17.  The Committee submits that the Second and Third Circuits have the better reading of section 1109(b).  In *Caldor*, the Second Circuit explained that while "case" and "proceeding" are terms of art in the bankruptcy context, "the 'exact language' of § 1109(b) 'grants a right to appear and be heard not in 'a case' but '*on any issue in a case*.'"  *Caldor*, 303 F.3d at 169 (quoting *Marin*, 689 F.2d at 451) (emphasis in original).  Thus, "the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding."  *Id.*

18.  This adversary proceeding involves not just *an issue* in the case, but perhaps *the issue* in the case – whether substantially all of the Debtor's assets are encumbered by ECB's liens.  If the Debtor's assets are unencumbered, it significantly alters the landscape of this chapter 11 case and will likely have a major impact on the Debtor's formulation of a chapter 11 plan and the recovery for general unsecured creditors.  Indeed, the Committee's constituents

---

[2] The Committee was unable to find a case on point in the Tenth Circuit, the District of Colorado, or the Bankruptcy Court for the District of Colorado.

have the most to gain through successful litigation of the Debtor's complaint. This is exactly the type of scenario contemplated by section 1109(b).

19. Finally, the Committee submits that this Motion is timely because it was brought shortly after the Committee retained counsel and prior to discovery having taken place. The Committee understands that no party has responded to any discovery requests and depositions are not scheduled to begin for several weeks.

20. Accordingly, the Committee requests that the Court permit the Committee to intervene in this adversary proceeding for the purposes requested herein. *See Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002) (permitting a creditors' committee to intervene as of right for the purposes of filing pleadings, appearing and being heard on issues, attending depositions, and reviewing discovery production).

**II.   Notwithstanding its Statutory Right, the Committee Can Intervene Permissively**

21. To the extent the Court determines the Committee does not have a statutory right to intervene, the Committee requests that the Court grant it leave to intervene permissively.

22. Rule 24(b)(1)(B) governs permissive intervention and provides that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to permit a party to intervene, the court must consider whether the intervention sought would unduly delay or prejudice the adjudication of the original parties' rights. *See Tri–State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1074 (10th Cir. 2015).

23. The Committee shares claims and defenses with the Debtor as raised in the adversary proceeding. For one, the issue of adequate protection is typically one that is litigated within the bankruptcy case, and the Committee would have standing to file pleadings and make arguments on adequate protection if it were litigated in the main case. The only reason the issue was included in the complaint is because it shares a common set of facts and arguments with the determination of ECB's liens.

24. For another, the Committee and the Debtor share a common interest in the outcome of this case. Again, resolution of this matter will likely decide the fate of general unsecured creditors in this case; if successful, they will likely receive a substantially higher recovery on their claims. For this reason, the Committee's interest in the outcome of the case is arguably more compelling than the Debtor's.

25. Other courts have recognized the compelling interests of creditors' committees in adversary proceedings and have allowed committees to intervene by permission. *See Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345 (Bankr. M.D. Fla. 2006) (committee appointed to represent asbestos property damage claimants entitled to intervene as of right under section 1109(b) and, in any event, could intervene by right because it had an interest in the property that was the subject of the action that could be impaired by the outcome or disposition of the proceeding if intervention not allowed); *Rollert Co., Inc. v. Charter Crude Oil Co., (In re The Charter Company)*, 50 B.R 57 (Bankr. W.D. Tex. 1985) (granting creditors committee leave to intervene by permission where committee proposed to raise no new issues, no discovery had been taken, and committee would not unduly delay proceedings); *Kenan v. FDIC (In re George Rodman, Inc.)*, 33 B.R. 348

(Bankr. W.D. Okla. 1983) (permitting committee to intervene in adversary proceeding brought by a trustee to avoid transfers).

26. Allowing the Committee to intervene will not unduly delay the proceeding or prejudice any party's rights. The Court entered a scheduling order just last week and the Debtor and ECB have not yet responded to any discovery requests. Depositions are not set to begin for several weeks and the Committee's involvement will not result in the delay of discovery or extension of the trial deadline.

27. Furthermore, neither the Debtor nor ECB will be prejudiced. The Committee does not seek to file an intervenor complaint. Instead, the Committee would adopt the Debtor's complaint as its own and ECB will not be required to respond to a separate complaint.

28. Accordingly, the Committee requests that the Court grant the Committee leave to intervene permissively, to the extent it does not grant leave to intervene as of right, and allow the Committee to participate in the manner set forth herein.

29. Prior to filing this motion, the undersigned contacted counsel for the Debtor and ECB to seek their consent to the Committee's intervention. Counsel for the Debtor consented to such intervention, but ECB has not consented to intervention.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order: (a) allowing the Committee to intervene in this adversary proceeding to participate in the manner requested herein, and (b) grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2018        **FREEBORN & PETERS LLP**

By:    /s/ Devon J. Eggert
      One of Its Attorneys

      Devon J. Eggert
      Elizabeth L. Janczak
      FREEBORN & PETERS LLP
      311 South Wacker Drive, Ste. 3000
      Chicago, Illinois 60606-6677
      Telephone: 312.360.6000
      Facsimile: 312.360.6520
      deggert@freeborn.com
      ejanczak@freeborn.com

      *Proposed Counsel for the Committee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-13666-EEB |
| BOLDER ENTERPRISES, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| BOLDER ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 18-01173-EEB |
| ) | |
| THE EASTERN COLORADO BANK, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Devon J. Eggert, an attorney, hereby certify that on July 10, 2018, I caused a true and correct copy of the foregoing **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO INTERVENE IN ADVERSARY PROCEEDING** to be filed with the Court and served upon the following parties by the manner listed.

/s/ Devon J. Eggert

**Service List**

**CM/ECF Notice List**

Kenneth J. Buechler   ken@bandglawoffice.com
Eric L. Johnson       ejohnson@spencerfane.com
John A. O'Brien       jobrien@spencerfane.com